UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED

CIVIL ACTION NO. 6:04CV70015
Pending in the United States District Court
For the Western District of Virginia

U.S. DISTRICT COUR[T]
[DISTRICT OF MA]

SMITH MOUNTAIN INDUSTRIES, INC., )
    Plaintiff )
 )
vs. )
 )
 )
SOY BASICS, LLC, )
    Defendant )

MB004-30013-KPN

## EMERGENCY MOTION TO QUASH

NOW COMES Our America Gift, Inc. and respectfully moves this Court to quash a subpoena issued to it, a copy of which is attached hereto and marked as Exhibit A. As grounds therefor and in support thereof, Our America states that the efforts of the defendant, Soy Basics, LLC, to obtain discovery through Our America Gift, Inc. violates Fed. R. Civ. P. 26 and it is arguable that the purported subpoena violates Fed. R. Civ. P. 45 as, apparently, the issuing attorney was admitted *pro hoc vice* in Virginia solely for the purposes of this litigation.

## PROCEDURAL HISTORY

In or about March, 2004, the defendant, Soy Basics, LLC, purported to issue a subpoena to Our America Gift, Inc. (hereinafter "Our America") to appear in Cincinnati, Ohio. A copy of said subpoena is attached hereto and marked as Exhibit A. That subpoena clearly violated Rule 45 as well as other Federal Rules of Civil Procedure for a variety of reasons. Upon receipt of the subpoena, Our America was forced to engage counsel who contacted the issuing attorney by telephone on April 8, 2004. By way of correspondence dated April 9, 2004, a copy of which is attached hereto and marked as Exhibit B, counsel confirmed that there was no case pending in

366272

[Handwritten marginalia: May 2f, 2004. After hearing (via telephone) this day, the motion is DENIED with the understanding that Soy Basics, LLC, should it wish to pursue the motion to compel in accord with Rule 45(c)(2)(B), must file a motion to compel in Cincinnati, USDJ.]

the Southern District of Ohio as reflected in the purported subpoena and confirming that the 100 mile rule precluded the issuance of a subpoena to a Massachusetts corporation to appear in Ohio.

Thereafter, on or about May 3, 2004, counsel for the defendant, now identified as "Soy Basics, LLC" (previously identified as "Soy Basics, Inc."), purported to issue a subpoena, a copy of which is attached hereto and marked as Exhibit C. In the interim, counsel for Our America communicated for counsel for the plaintiff who indicated their intention to file a Motion to Quash the subpoena as violative of Rule 26 of the Federal Rules of Civil Procedure. Said counsel confirmed that Soy Basics, LLC had made no effort, as is required under Fed. R. Civ. P. 26, to obtain the requested information through the course of discovery in the litigation pending in Virginia. Said counsel further confirmed that it was their intention to file a Motion to Quash the subpoena. Our America attaches hereto and incorporates by reference the Memorandum in Support of its Motion to Quash Non-Party Subpoenas filed in the United States District Court for the Western District of Virginia Lynchburg Division (see Exhibit D).

On or about May 19, 2004, Our America, by and through counsel, objected to the subpoena by way of correspondence, a copy of which is attached hereto and marked as Exhibit E. It was not until May 27, 2004 at approximately 3:29 p.m. that Soy Basics forwarded correspondence a copy of which is attached hereto and marked as Exhibit F indicating their intention to proceed on June 1, 2004 ignoring the objections of counsel and, more importantly, the pending Motion to Quash.

The instant motion will be brief inasmuch as the undersigned has been advised that, due to the upcoming holiday weekend, it is unlikely that a federal judge will be available for the entirety of the day. Moreover, the reasons set forth in the memorandum filed in the matter pending in Virginia are identical to those proffered by Our America herein.

366272

Most importantly, Our America notes that counsel for Soy Basics, LLC has shown blatant disregard for Rule 45 and Rule 26 as interpreted in this Circuit as well as throughout the United States. As noted by Justice Seyla in *Cusumano v. Microsoft Corp.*, 162 F.3d 708 (1998), Fed. R. Civ. P. 26(b)(2) admonishes that:

> The ... extent of the use of the discovery methods otherwise permitted under these rules ... shall be limited by the court if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Id.* at 714.

Again, as is reflected in the memorandum filed by the plaintiff in the matter pending in Virginia, the defendant therein has made no effort to seek discovery to obtain the information sought in that action.

Finally, Our America submits that the actions of counsel in this case, particularly in forcing a non-party to incur the expense of obtaining counsel and filing the instant motion necessitates the imposition of sanctions by this Court, including but not limited to the payment of attorney's fees incurred by Our America.

OUR AMERICA GIFTS, INC.

By _____
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301   Fax (413) 785-4658
BBO No.: 544402

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: _____

366272